UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | ) CIVIL NO. 11-00262 DAE-RLP |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART PLAINTIFF |
| vs. | ) LIBERTY MEDIA HOLDINGS, LLC'S |
| | ) MOTION FOR EARLY DISCOVERY, |
| HAWAII MEMBERS OF SWARM OF NOVEMBER 15, 2010 TO JANUARY 27, 2011, SHARING HASH FILE AE340D0560129AFEE8D78CE07F2394C7B5BC9C05; AND DOES 1 through 12, | ) DENYING PLAINTIFF LIBERTY MEDIA HOLDINGS, LLC'S EX PARTE EMERGENCY MOTION FOR ORDER REQUIRING WITNESS TIME WARNER D/B/A ROAD RUNNER TO PRESERVE CRITICAL EVIDENCE, AND DENYING TIME WARNER CABLE INC.'S EX |
| Defendants. | ) PARTE APPLICATION FOR ORAL |
| | ) HEARING ON PLAINTIFF'S EX PARTE |
| | ) EMERGENCY MOTION FOR ORDER |
| | ) REQUIRING WITNESS TIME WARNER |
| | ) D/B/A ROAD RUNNER TO PRESERVE |
| _____ | ) CRITICAL EVIDENCE |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF LIBERTY MEDIA HOLDINGS, LLC'S MOTION FOR EARLY DISCOVERY, DENYING PLAINTIFF LIBERTY MEDIA HOLDINGS, LCC'S EX PARTE EMERGENCY MOTION FOR ORDER REQUIRING WITNESS TIME WARNER D/B/A ROAD RUNNER TO PRESERVE CRITICAL EVIDENCE, AND DENYING TIME WARNER CABLE INC.'S EX PARTE APPLICATION FOR ORAL HEARING ON PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR ORDER REQUIRING WITNESS TIME WARNER D/B/A ROAD RUNNER TO PRESERVE CRITICAL EVIDENCE

On April 20, 2011, Plaintiff Liberty Media Holdings, Inc. filed a complaint alleging violations for copyright infringement pursuant to 17 U.S.C. § 101 and civil conspiracy against Doe Defendants 1 through 12. Concurrently, Plaintiff filed an Ex Parte Motion for Early Discovery seeking permission to take early discovery to identify the Doe Defendants ("Ex Parte Motion for Early Discovery") [Docket No. 4]. Specifically,

Plaintiff requests permission to subpoena Time Warner Cable d/b/a Road Runner, in its capacity as an Internet Service Providers (ISP), to determine the names and addresses of certain subscribers connected to certain Internet Protocol (IP) addresses that have been linked to alleged infringements of Plaintiff's copyrighted work.  Additionally, Plaintiff seeks permission to then issue interrogatories to and depose the subscribers identified in order to determine whether the subscriber is the proper defendant in this action.

On April 29, 2011, Plaintiff filed an Ex Parte Emergency Motion for an Order Requiring Witness Time Warner d/b/a Road Runner to Preserve Critical Evidence ("Ex Parte Motion to Preserve") [Docket No. 14].  In its Ex Parte Motion to Preserve Plaintiff asserts that it notified Time Warner Cable of the lawsuit and pending motion for discovery and asked that Time Warner Cable preserve evidence pending the issuance of an order from this Court on the pending Motion for Early Discovery. Plaintiff contends that Time Warner Cable denied that it had an obligation to preserve evidence in the absence of a court order or a lawfully issued subpoena and advised Plaintiff that it intended to overwrite the critical evidence beginning May 15, 2011.  Plaintiff asks this Court to issue an order instructing Time Warner Cable to preserve all evidence pertaining to the identity of the subscribers pending further order of this Court.

On May 2, 2011, Time Warner Cable filed a Memorandum in Opposition to Plaintiff's Ex Parte Motion to Preserve. In its Opposition, Time Warner Cable asserts that as a third party to this litigation it does not have an obligation to preserve evidence absent a valid subpoena. Time Warner Cable also asserts that it retains IP address information for six months pursuant to its normal data retention policy. Time Warner Cable contends that any order to preserve evidence in this instance would be a significant burden. Time Warner Cable states that any supposed "emergency" is a result of Plaintiff's choice to not file this law suit until months after the alleged infringement took place.

On May 2, 2011, Time Warner Cable filed an Ex Parte Application for Oral Hearing on Plaintiff's Ex Parte Emergency Motion for Order Requiring Witness Time Warner d/b/a Road Runner to Preserve Critical Evidence ("Ex Parte Application for Hearing") [Docket No. 19].

Pursuant to Local Rule 7.2(d), the Court elects to decide the pending motions on the pleadings without a hearing. As discussed in detail below, Plaintiff has established that good cause exists to allow it to engage in limited early discovery. Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Ex Parte Motion for Early Discovery. Additionally, the Court DENIES Plaintiff's Ex Parte Motion to Preserve and DENIES Time Warner Cable's Ex Parte Application for Hearing.

BACKGROUND

Plaintiff alleges that it is an adult entertainment production, marketing, and distribution company and the registered owner of the copyright to a motion picture entitled "Down on the Farm." According to Plaintiff, each of the Doe Defendants, without Plaintiff's permission or consent, duplicated and distributed at least a substantial portion of "Down on the Farm." Specifically, Plaintiff alleges that the Doe Defendants are a group of peer-to-peer file sharing protocol users whose computers are collectively interconnected for the purpose of sharing a unique file. Plaintiffs allege that the Doe Defendants have used this peer-to-peer file sharing protocol to reproduce and make available to others unauthorized copies of "Down on the Farm." Plaintiff alleges that this conduct has infringed Plaintiff's exclusive rights in "Down on the Farm" in violation of 17 U.S.C. § 106(1) and (3), causing Plaintiff monetary damages and irreparable harm.

Plaintiff does not know the Doe Defendants' names and addresses. However, Plaintiff has been able to identify the Internet Protocol (IP) addresses assigned to each of the Doe Defendants and the date and time that each Doe Defendant allegedly infringed on Plaintiff's copyrighted work. See Exhibit A to Ex Parte Motion for Early Discovery. Plaintiff has also

identified the Internet Service Provider (ISP) for each of the IP addresses as Time Warner Cable d/b/a Road Runner.

## DISCUSSION

A. <u>Standard for Early Discovery</u>

Generally, a party is prohibited from seeking discovery before the Federal Rules of Civil Procedure Rule 26(f) conference unless authorized by court order.  Fed. R. Civ. P. 26(d)(1). However, in rare circumstances "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  <u>Columbia Ins. Co. v. seescandy.com</u>, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)).  In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause.  <u>See</u>, <u>e.g.</u>, <u>VPR Internationale v. Does 1-17</u>, No. 11-01494 LB, 2011 WL 1465836, at *2 (N.D. Cal. April 15, 2011); <u>Texas Guaranteed Student Loan Corp. v. Dhindsa</u>, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); <u>United States v. Distribuidora Batiz CGH, S.A. De C. V.</u>, No. C 07-370, 2009 WL 2487971, at * 10 (S.D. Cal. Aug. 10, 2009); <u>Yokohama Tire Crop. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 613-14 (D. Ariz. 2001).

Where the identity of the defendant is not known, the Ninth Circuit has held that a plaintiff "should be given an

opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642. Courts examine four factors in evaluating whether a plaintiff has established good cause for early discovery to assist in the identification of certain defendants: (1) whether plaintiff has identified the doe defendants with sufficient particularity for the court to determine whether the defendants are real persons who can be sued in federal court; (2) whether plaintiff recounts the steps taken to locate and identify the doe defendants; (3) whether plaintiff has demonstrated that the lawsuit can withstand a motion to dismiss; and (4) whether plaintiff has proven the requested discovery is likely to lead to identifying information to allow service of process. See, e.g., Patrick Collins, Inc. v. Does 1-1219, No. C 10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010) (citing Columbia Ins. Co., 185 F.R.D. at 578-80; IO Group, Inc. v. Does 1-65, No. C 10-4377 SC, 2010 WL 4055667, at *1 (N.D. Cal. Oct. 15, 2010)).

B. Plaintiff Has Demonstrated Good Cause

Plaintiff has made a sufficient showing for each of the four factors to establish good cause to engage in early discovery to identify the Doe Defendants.

First, Plaintiff has identified the Doe Defendants with sufficient specificity to allow the Court to determine whether the defendants are real persons or entities who could be sued in federal court.  Plaintiff has identified the missing parties with as much specificity as possible.  Plaintiff has stated that the Doe Defendants are persons or entities and that these persons/entities have been observed and documented as infringing on its copyrighted works.  Plaintiff provided as Exhibit A to the Ex Parte Motion for Early Discovery a list of the IP addresses associated with each of the Doe Defendants, along with the "hit date" that each IP address subscriber allegedly infringed on Plaintiff's copyrighted work.  The Doe Defendants have been linked to IP addresses in the State of Hawaii, which indicates that the Court likely has jurisdiction over the Doe Defendants. Thus, as real persons/entities, these Doe Defendants can be sued in federal court.

Second, Plaintiff has described the previous steps taken to locate the Doe Defendants.  The only information that Plaintiff has regarding the Doe Defendants is the IP addresses and the cable ISP.  It does not appear that there are any other measures Plaintiff could have taken to identify Defendants other than to obtain the subscribers' identifying information from the ISP.

Third, Plaintiff has established that its suit against

the Doe Defendants could withstand a motion to dismiss. Plaintiff brings three claims against Defendants: copyright infringement, contributory copyright infringement, and civil conspiracy.  Plaintiff has alleged a *prima facie* claim of copyright infringement.  See 17 U.S.C. § 106(1) & (3). Specifically, Plaintiff has alleged: (1) it owns and has registered the copyrighted work at issue in this case; (2) the Doe Defendants reproduced and distributed those works without authorization; and (3) Plaintiff was damaged by Defendants' actions.  As to Plaintiff's claim for contributory copyright infringement, Plaintiff alleges that Defendants intentionally encouraged direct infringement of Plaintiff's copyright by others through participation in the peer-to-peer file-sharing protocol. These allegations are minimally sufficient to state a claim for contributory copyright infringement.  See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).  Regarding Plaintiff's claim for civil conspiracy, civil conspiracy is not an independent cause of action in Hawaii, but rather a theory of potential liability that is derivative of other wrongs. See e.g., Weinberg v. Mauch, 78 Hawai'i 40, 49, 890 P.2d 277, 286 (1995).  Because Plaintiff has alleged the necessary elements of copyright infringement and contributory copyright infringement, it appears that its suit against the Doe Defendants could withstand a motion to dismiss.

Fourth, Plaintiff has demonstrated that the proposed subpoenas seek information likely to lead to identifying information that will allow Plaintiff to effect service of process on the Doe Defendants.

Based on the foregoing, the Court finds that Plaintiff has demonstrated good cause exists to grant Plaintiff leave to conduct early discovery as detailed below.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Ex Parte Motion for Early Discovery [Docket No. 4] as follows:

1. Plaintiff is allowed to serve Rule 45 subpoenas on Time Warner Cable to obtain information to identify each Doe Defendant, including the name, address(es), and telephone number(s) of each subscriber associated with the IP addresses on the dates indicated in Exhibit A to the Ex Parte Motion for Early Discovery.

2. Plaintiff shall serve a copy of this Order with any subpoenas issues pursuant to this Order.

3. The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

4. Time Warner Cable shall have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order.  Time

Warner Cable may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail.

     5.  The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena.  If that 30-day period lapses without a subscriber contesting the subpoena, Time Warner Cable shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

     6.  After Time Warner Cable is properly served with a Rule 45 subpoena as detailed above, Time Warner Cable shall preserve all subpoenaed information pending the delivery of such information to Plaintiff or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

     7.  Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101, et seq.

     8.  The Court declines to allow any further early discovery requested by Plaintiff at this time.

Because this Court grants Plaintiff leave to proceed with early discovery, Plaintiff's Ex Parte Motion to Preserve [Docket No. 14] is rendered moot and on that basis is DENIED. Accordingly, Time Warner Cable's Ex Parte Application for Hearing

[Docket No. 19] is likewise rendered moot and on that basis is DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, May 3, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

Liberty Media Holdings, LLC vs. Hawaii Members Of Swarm Of November 15, 2010, et al.; Case No. 11-00262 DAE-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF LIBERTY MEDIA HOLDINGS, LLC'S MOTION FOR EARLY DISCOVERY, DENYING PLAINTIFF LIBERTY MEDIA HOLDINGS LLC'S EX PARTE EMERGENCY MOTION FOR ORDER REQUIRING WITNESS TIME WARNER D/B/A ROAD RUNNER TO PRESERVE CRITICAL EVIDENCE, AND DENYING TIME WARNER CABLE INC.'S EX PARTE APPLICATION FOR ORAL HEARING ON PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR ORDER REQUIRING WITNESS TIME WARNER D/B/A ROAD RUNNER TO PRESERVE CRITICAL EVIDENCE