IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | ) ) ) | CV. NO. 11-00262 DAE-RLP |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| HAWAII MEMBERS OF SWARM OF NOVEMBER 15, 2010 TO JANUARY 27, 2011, SHARING HASH FILE AE340D0560129AFEE 8D78CE07F2394C7B5BC9C05; MICHAELA HATANAKA, NANCY KAPIKO, BRAD HATCHER, DAVE KANDA, JEANNETTE TREVIAS, PAUL MARMULSTEIN, BRUCE GREEK, CALVIN NISHIO, AND DOES 1 through 20, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT HATCHER'S MOTION TO DISMISS, (2) GRANTING PLAINTIFF LEAVE TO AMEND, AND (3) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Ervin B. Hatcher's motion and the supporting and opposing memoranda, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. (Doc. # 53.)

BACKGROUND

On April 20, 2011, Plaintiff Liberty Media Holdings, LLC ("Plaintiff") initiated this copyright infringement action alleging that various Doe Defendants engaged in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture using BitTorrent technology.[1] (Doc. # 1.) Plaintiff claims that Defendants are "members of a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as 'swarm.'" (Id. ¶ 10.)

On the same day that Plaintiff filed its Complaint, it also filed an Ex Parte Motion for Early Discovery seeking permission to take early discovery to identify the Doe Defendants. (Doc. # 4.) On May 3, 2011, Magistrate Judge Richard Puglisi issued an Order Granting In Part and Denying In Part Plaintiff's Motion. (Doc. # 22.) In his Order, Judge Puglisi held that "[b]ecause Plaintiff has alleged the necessary elements of copyright infringement and contributory

---

[1] The Court takes judicial notice of the Certificate of Registration attached to the Complaint. See Metro Publ'g, Ltd. v. San Jose Mercury News, 987 F.2d 637, 641 n.3 (9th Cir. 1993) (court may take judicial notice of certified copies of trademark registrations pursuant to Rule 201(b)(2) of the Federal Rules of Evidence). That document may be considered by the Court in ruling on the instant Motion. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (In ruling on a motion to dismiss, a court may consider not only the allegations contained in the pleadings but also "exhibits attached to the complaint, and matters properly subject to judicial notice.").

copyright infringement, it appears that its suit against the Doe Defendants could withstand a motion to dismiss." (Id. at 8.)

After conducting early discovery, Plaintiff filed a First Amended Complaint ("FAC") identifying some of the individual Doe Defendants that allegedly participated in the unlawful copyright infringement scheme. ("FAC," Doc. # 39.) The FAC alleges the following causes of action:

- Count I: Copyright Infringement, 17 U.S.C. § 501 (id. ¶¶ 60–66);

- Count II: Contributory Copyright Infringement (id. ¶¶ 67–79)

- Count III: Civil Conspiracy (id. ¶¶ 80–101); and

- Count IV: Negligence (id. ¶¶ 102–109).

On November 2, 2011, pro se Defendant Ervin B. Hatcher filed a Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim. ("Mot.," Doc. # 53.) On December 30, 2011, Plaintiff filed an Opposition to Defendant's Motion. (Doc. # 63.) Plaintiff did not file a Reply in further support of his Motion.

STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v.

Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption

4

of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

## DISCUSSION

I.   Law of the Case Doctrine

As a preliminary matter, Plaintiff asserts that the law of the case doctrine bars this Court from granting Defendant's motion to dismiss as to the

copyright infringement claims and civil conspiracy claim because Magistrate Judge Puglisi already determined that the allegations in those claims were sufficient to withstand a motion to dismiss in his May 5, 2011 Order on Plaintiff's Ex Parte Motion for Early Discovery.[2] (Doc. # 22.) "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." United States v. Bad Marriage, 439 F.3d 534, 538 (9th Cir.2006). This doctrine, however, is discretionary, and does not apply if "(1) the first decision was clearly erroneous; (2) there has been an intervening change in the law; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." United States v. Renteria, 557 F.3d 1003, 1006 (9th Cir. 2009) (citing United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). Further, it appears to be unsettled in the Ninth Circuit whether the law of the case doctrine restricts a district court's ability to reconsider its own, as opposed to another court's, rulings prior to final judgment. See Mark H. v. Lemahieu, 513 F.3d 922,

---

[2]Contrary to Plaintiff's contention, Judge Pugligi did not make a determination as to the sufficiency of the allegations in support of the civil conspiracy claim. He only held that Plaintiff had adequately pled the copyright infringement claims. The Court also notes that although the complaint before Judge Puglisi was the original Complaint and not the FAC, the copyright infringement allegations in the FAC are the same as those in the original Complaint.

932 n.8 (9th Cir. 2008) (noting a conflict of authority in the circuit and declining to answer the question).  In any event, the Court need not reach this issue because it agrees with the findings of Magistrate Judge Puglisi for the reasons that follow.

II.     Count I: Copyright Infringement

In order to establish a prima facie case of direct copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act ("the Act").  UMG Recordings, Inc. v. Augusto, 628 F.3d 1175, 1178 (9th Cir. 2011) (citing 17 U.S.C. § 501(a)).  Section 106 of the Act grants copyright owners the exclusive right, among others, "to reproduce the copyrighted work in copies or phonorecords" and "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."  17 U.S.C. §§ 106(1), 106(3); see id. § 501(a) ("Anyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright . . . .").

Here, Plaintiff has pled facts sufficient to establish a prima facie claim of copyright infringement.  Plaintiff alleges that it is the registered copyright owner of the work at issue in this case.  (FAC ¶¶ 1, 61; see also id. Ex. 1.)  Plaintiff

further alleges that the Defendants reproduced and distributed copies of the copyrighted work without authorization through the use of a file-sharing protocol. (Id. ¶¶ 2, 15–16, 18, 20, 22, 24, 26, 28, 30, 32, 49–59, 63.) Taking these factual allegations as true, the Court concludes that the FAC sufficiently states a plausible ground for relief based on the Defendants' alleged violation of Plaintiff's exclusive right to reproduce and distribute copies of its work. Therefore, the Court **DENIES** Defendant's Motion to Dismiss as to Count I.

III. Count II: Contributory Copyright Infringement

"Contributory infringement originates in tort law and stems from the notion that one who directly contributes to another's infringement should be held accountable." Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996). "'[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.'" UMG Recordings, Inc. v. Shelter Capital Partners LLC, —F.3d—, 2011 WL 6357788 at *18 (9th Cir. Dec. 20, 2011) (quoting Fonovisa, 76 F.3d at 264). In Fonovisa, 76 F.3d at 264, the Ninth Circuit established the "'site and facilities' test: 'providing the site and facilities for known infringing activity is sufficient to establish contributory liability' where the defendant

'actively strives to provide the environment and the market for counterfeit . . . sales to thrive.'" Id. at *18 (quoting Fonovisa, 76 F.3d at 264).

In the FAC, Plaintiff asserts that Defendants intentionally encouraged direct copyright infringement by others through participation in the peer-to-peer file sharing protocol.  Specifically, Plaintiff alleges that by uploading and downloading the copyrighted work through the peer-to-peer network, each Defendant assisted each and every other Defendant to illegally download Plaintiff's copyrighted work through the same network.  (FAC ¶¶ 58–59, 71.)  Defendants allegedly profited from this contributory infringement by being granted access to a greater library of other infringing works.  (Id. ¶ 79.)  As to the knowledge component of contributory copyright infringement, Plaintiff alleges that each of its works is marked with a copyright notice that alerts the viewer that copying the work is illegal. (Id. ¶ 46.)  Plaintiff further alleges that the Defendants "knew of the infringement, were conscious of their own infringement or contribution thereto, and the Defendants were conscious of the fact that multiple other persons derivatively downloaded the file containing the Plaintiff's Motion Picture."  (Id. ¶ 77.)  These allegations are sufficient to state a claim for contributory copyright infringement.  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as to Count II.

IV.     Count III: Civil Conspiracy

Generally, Hawaii does not recognize an independent cause of action for civil conspiracy—such theory of potential liability is derivative of other wrongs and requires an actionable underlying claim.  See, e.g., Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995); Chung v. McCabe Hamilton & Renny Co., 128 P.3d 833, 843 (Haw. 2006).  Thus, a claim for civil conspiracy must be based on an actionable underlying tort.  See Combss v. Case Bigelow & Lombardi, 222 P.3d 465, 2010 WL 370275 *14–15 (Haw. App. January 27, 2010); Caraang v. PNC Morg., 795 F. Supp. 2d 1098, 1126 (D. Haw. 2011).  According to the Hawaii Supreme Court, "the accepted definition of a [civil] conspiracy is a combination of two or more persons or entities by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means."  Robert's Hawai'i Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 982 P.2d 853, 881 n.28 (Haw. 1999).

Plaintiff's civil conspiracy claim is based on its underlying claim for copyright infringement.  Since Plaintiff has adequately pled a claim for direct copyright infringement, Plaintiff has established an actionable underlying tort on which to base its conspiracy claim.  Plaintiff alleges that "[t]he transfer of infringing files cannot occur without the existence and assistance of the

10

participating users" and that Defendants "downloaded and/or used a BitTorrent client for the purpose of conspiring with other BitTorrent users to reproduce and distribute [copyrighted] movies." (FAC ¶ 88–89.) According to Plaintiff, the BitTorrent file transfer protocol was used for the purpose of "identify[ing] themselves as a source for a file hash to one or more trackers and thereby facilitate the reproduction and distribution of infringing copies of copyrighted works between a network of co-conspirators." (Id. ¶ 86.) Plaintiff also alleges that each Defendant agreed to provide infringing reproductions of copyrighted works, including Plaintiff's work, to the other Defendants in exchange for infringing reproductions of other copyrighted works, including Plaintiff's works. (Id. ¶ 98.) Contrary to Defendant's contention, the Court finds that these allegations adequately support Plaintiff's claim for civil conspiracy. Therefore, the Court **DENIES** the Motion as to Count III.[3]

---

[3]Although the parties did not brief the issue, the Court notes that there remains a substantial question as to whether Plaintiff's state civil conspiracy claim is preempted by the federal Copyright Act. See 17 U.S.C. § 301(a) ("all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title"); see also Warren Sign Co., Inc. v. Piros Signs, Inc., 2010 WL 2802023, at *4 (E.D. Mo. July 15, 2010) ("'Because copyright law already recognizes the concepts of contributory infringement and vicarious copyright infringement concepts, which extend joint and several liability to those who participate in the copyright infringement, a civil conspiracy claim does not add substantively to the underlying federal copyright

(continued...)

V.     Count IV: Negligence

It is well-established that in order to prevail on a negligence claim, a plaintiff must establish: (1) duty, (2) breach of the duty, (3) causation, and (4) damages.  See Takayama v. Kaiser Found. Hosp., 923 P.2d 915–16 (1996); Kahoʻohanohano v. Dep't of Human Servs., 178 P.3d 538, 563 n.31 (Haw. 2008); Cho v. Hawaii, 168 P.3d 17, 23 n.11 (Haw. 2007).  Hawaiian courts have "long adhered to the basic principle that a negligence action lies only where there is a duty owed by the defendant to the plaintiff."  Tabieros v. Clark Equipment Co., 944 P.2d 1279, 1296 (Haw. 1997); Dairy Road Partners v. Island Ins. Co., 992 P.2d 93, 114 (Haw. 2000).  "The plaintiff must establish that the defendant

---

[3](...continued)
claim and should therefore be preempted.'") (quoting Irwin v. ZDF Enterprises GmbH, 2006 WL 374960, at *4 (S.D.N.Y. Feb. 16, 2006); M–I LLC v. Stelly, 733 F. Supp. 2d 759 (S.D. Tex. 2010) ("[T]he conspiracy claim requires an element of knowledge and planning, but fails to add any qualitatively different conduct to the [copyright infringement] claim."); Wharton v. Columbia Pictures Industries, Inc., 907 F. Supp. 144, 146 (D. Md. 1995) (holding that the state civil conspiracy claim was preempted by the Copyright Act because it "concern[ed] the central allegation that Defendants plagiarized his copyrighted screenplay"); Trenton v. Infinity Broadcasting Corp., 865 F. Supp. 1416, 1428 (C.D. Cal. 1994) (holding that claim for conspiracy to commit conversion was preempted by the Copyright Act because the claim "in essence merely assert[s] a protectable copyright interest in [a work] and defendants' unauthorized use thereof").  In denying Defendant's Motion to Dismiss as to Plaintiff's civil conspiracy claim, the Court is not making a determination as to the preemption issue.  The Court will address this issue, if necessary, at a later date.

breached a duty to the plaintiff recognized by the law." Lee v. County of Hawai'i, No. 28668, 2010 WL 4247129, at *4 (Haw. Ct. App. Oct. 28, 2010).

Plaintiff's negligence claim appears to be based on its allegation that "Defendants' failure to secure their Internet access allowed for the copying and sharing of Plaintiff's Motion Picture by use of the BitTorrent protocol on Defendants' respective Internet connections." (FAC ¶ 106.) According to Plaintiff, this constitutes a "breach of the ordinary care that reasonable persons exercise in using an Internet access account." (Id. ¶ 105.)

The Court concludes that the allegations in the FAC are not sufficient to state a claim for negligence for a couple reasons. First, nowhere in the FAC does Plaintiff assert any specific legal duty in connection with its negligence claim. Further, Plaintiff has not cited, nor has the Court found, any case law with analogous facts from which the Court could conclude that the Defendants owed Plaintiff a general duty to secure their internet connection. Second, even assuming Plaintiff had alleged a cognizable duty, the FAC fails to allege any facts demonstrating how Plaintiff breached that duty. Plaintiff's Memorandum in Opposition to the instant Motion highlights the purported risks associated with failing to password-protect one's wireless network. However, Plaintiff does not allege in the FAC that any of the individual Defendants failed to password-protect

his/her wireless network or otherwise monitor the use of his/her computer by others. The bare assertion that they "failed to adequately secure their Internet access" is conclusory and unsupported by specific factual allegations regarding the individual Defendants. Therefore, it is not entitled to an assumption of truth for purposes of ruling on the instant Motion. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Moss, 572 F.3d at 969 ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Accordingly, the Court finds that Plaintiff has failed to plead the necessary elements of its negligence claim and therefore **GRANTS** Defendant's Motion to Dismiss as to Count IV.

VI.     Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "requests for leave should be granted with extreme liberality." Moss, 572 F.3d at 792 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id. "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon

Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props., 866 F.2d at 1160). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props., 866 F.2d at 1160).

The Court recognizes that it may be possible for Plaintiff to state a negligence claim if provided the opportunity to amend its Complaint. Therefore, Plaintiff is granted leave to amend by no later than thirty (30) days from the filing of this Order. Failure to do so and to cure the pleading deficiencies in Count IV will result in dismissal of that claim with prejudice.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss and **GRANTS** Plaintiff leave to amend. (Doc. # 53.) The hearing on this matter is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2012.



/s/ David Alan Ezra
David Alan Ezra
United States District Judge

Liberty Media Holdings, LLC v. Hawaii Members of SWARM, et al., CV No. 11-00262 DAE-RLP; ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT HATCHER'S MOTION TO DISMISS (2) GRANTING PLAINTIFF LEAVE TO AMEND, AND (3) VACATING THE HEARING