IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, ) | Case No. 1:11-cv-00262 DAE-RLP |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HAWAII MEMBERS OF SWARM OF ) | MEMORANDUM IN SUPPORT OF |
| NOVEMBER 15, 2010 TO JANUARY ) | DEFENDANT BRAD HATCHER'S |
| 27, 2011, SHARING HASH FILE ) | MOTION TO WITHDRAW |
| AE340D0560129AFEE8D78CE07F239 ) | ADMISSIONS BY DEFAULT |
| 4C7B5BC9C05; BRAD HATCHER, ) | |
| BRUCE GREEK, AND DOES 15 AND ) | |
| 19 ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT BRAD HATCHER'S MOTION TO WITHDRAW ADMISSIONS BY DEFAULT**

Defendant BRAD HATCHER ("HATCHER"), by and through his counsel, J. Stephen Street, respectfully submits the following memorandum of law in support of his Motion to Withdraw Admissions by Default.

**I. INTRODUCTION**

Defendant HATCHER is a military officer on active duty, currently residing in Kapolei, HI. Plaintiff, Liberty Media Holdings, LLC

("Plaintiff") is a California LLC with a mailing address in Las Vegas Nevada.

Plaintiff alleges that HATCHER acted as part of a collective or "swarm" of interdependent individuals (the "AE3 Hash") to unlawfully reproduce and distribute Plaintiff's Movie "Down on the Farm" (the Movie) using a BitTorrent file transfer protocol, in violation of Plaintiff's copyright.

The sole basis for Plaintiff's allegation against HATCHER is the evidence subpoenaed from the internet provider that HATCHER is the cable subscriber identified as having the IP address: 72.130.247.228 on November 17, 2010 at 3:31:33 PM, when Plaintiff alleges someone participated in the swarm sharing of the AE3 Hash using that IP address.  From this fact, Plaintiff alleges that HATCHER either downloaded the movie himself or "there is a Defendant Doe 15 with whom Defendant Brad HATCHER acted in concert with, aided and abetted and/or was negligent in providing Internet access to" [Second Amended Complaint ("SAC") at ¶17, Doc. #. 72]

Plaintiffs have no evidence as to the device involved in the alleged infringement, only a temporary IP address identified by Oceanic Cable as having been assigned to HATCHER's cable modem at the particular time in November 2010.  With this scant "evidence" of liability, it is little wonder that Plaintiff has refused to agree to extend the time for responses, and has

2

clung to the advantage it believes it has obtained in catching a *pro se* Defendant in a trap for the unwary: default admissions that Plaintiff knows to be false admissions.

## II. FACTUAL BACKGROUND

### A. <u>Procedural Background</u>

On April 20, 2011, Plaintiff filed its original Complaint for copyright infringement, alleging that various Doe Defendants ("Hawaii Members of Swarm of November 15, 2010 to January 27, 2011, Sharing Hash File: AE340D0560129AFEE8D78CE07F2394C7B5BC9C05") engaged in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture using BitTorrent technology. (Doc.# 1.)

Plaintiff claims that Defendants are "members of a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as 'swarm'." (Id. ¶10.)

On the same day that Plaintiff filed its original Complaint, it also filed an Ex Parte Motion for Early Discovery seeking permission to take early discovery to identify the Doe Defendants (Doc. # 4). On May 3, 2011, Magistrate Judge Richard Puglisi issued an Order Granting In Part and Denying In Part Plaintiff's Motion. (Doc. # 22). Plaintiff conducted early

discovery, including subpoenaing records of internet service providers to identify the Internet subscribers for a list of IP addresses from which, Plaintiff asserted that someone had participated in the AE3 Hash Swarm.

As a result of obtaining these subscriber names and addresses, Plaintiff sent letters to an unknown number of internet subscribers demanding payment for the alleged infringing download of the Corbin Fisher movie "Down on the Farm."

HATCHER received a letter dated August 11, 2011, from Seth Reiss stating that he had been identified as having engaged in illegal activity for which he could be liable for as much as $150,000, and demanding payment of $8,500 in order to avoid being publicly identified in the lawsuit (Declaration of Brad Hatcher, "Hatcher Decl." at ¶ 3).  From the beginning of his notice of this action, HATCHER has denied any participation in or knowledge of the alleged illegal activity.  (Hatcher Decl. ¶ 3).

On September 13, 2011 Plaintiff filed an Ex-Parte Motion for Order Authorizing Additional Early Discovery and Additional Time for Service Under Rules 26(d) and 4(m) (Doc. #35), seeking to be permitted to serve interrogatories on and take depositions of potential DOE Defendants who had not settled with Plaintiff as a result of demands for payment sent out on August 11, 2011.  In its order of September 30, 2011, the Court denied the

4

motion with respect to the early discovery but gave Plaintiff additional time until October 10, 2011 to serve the named defendants. (Doc. #37). In that order the Court noted that Plaintiff had apparently used the early discovery it had previously been permitted to try to obtain settlements rather than to identify and serve the Doe Defendants. The Court found that permitting Plaintiff to proceed with additional interrogatories and depositions would potentially prejudice the Doe defendants, who were likely represented by counsel. Id. at 6. The Court found that "additional discovery at this stage may provide Plaintiff more time and additional leverage to attempt to force the potential Doe defendants to settle." Id.

Plaintiff filed a First Amended Complaint ("FAC" Doc. # 39) identifying some of the individual Doe Defendants that Plaintiff alleges participated in the unlawful copyright infringement scheme: Michaela Hatanaka, Nancy Kapiko, Dave Kanda, Jeanette Trevias, Paul Marmulstein, Bruce Greek, Calvin Nishio, and HATCHER.

The FAC alleged the following causes of action:

. Count I: Copyright Infringement, 17 U.S.C. §501(id. ¶¶60-66);

. Count II: Contributory Copyright Infringement (id.¶¶ 67-79)

. CountI III: Civil Conspiracy (id. ¶¶80-l0l); and

. CountI IV: Negligence (id. ¶¶102-109).

5

HATCHER was unrepresented by counsel at the time, but on November 2, 20ll, he filed his own one page *pro se* Motion to Dismiss pursuant to Rule l2(b)(6) for failure to state a claim. ("Mot." Doc. # 53), which was scheduled for hearing on January 30, 2011.

On December 30, 2011, Plaintiff filed an Opposition to Defendant HATCHER's Motion. (Doc. # 63.)  Plaintiff did not file a Reply in further support of his Motion.

### B. Plaintiff's Combined Discovery Requests

Plaintiff also mailed a combination discovery request to HATCHER during the week between Christmas and New Years Day 2012.  HATCHER actually received neither the Opposition to his Motion to Dismiss, nor the combined discovery requests until Monday January 9, 2012 when he returned to Hawaii from a holiday trip. (Hatcher Decl. ¶ 4).

On January 30, 2012, the Court issued an Order (1) Granting in Part and Denying in Part Defendant Hatcher's Motion to Dismiss (2) Granting Plaintiff Leave to Amend, and (3) Vacating the Hearing (Doc. # 66).  The Court found that Plaintiff had failed to plead the necessary elements of its negligence claim and therefore granted HATCHER's Motion to Dismiss Count IV of the FAC.

The Court determined, pursuant to Local Rule 7.2(d), that the matter was suitable for disposition without hearing, but Plaintiff's Las Vegas counsel, Marc J. Randazza, had already traveled to Hawaii for the hearing, and Plaintiff's counsel requested a status conference with Judge Ezra for January 30, 2011. (Hatcher Decl. ¶6)

In Judge Ezra's courtroom on the day of the status conference, while Mr. Reiss and Mr. Randazza were standing behind one counsel table and HATCHER was standing behind the other, HATCHER told Mr. Reiss that he had not received the discovery request until January 9, 2012 because he had been off island for the holidays. HATCHER told Mr. Reiss that he was working on his responses and would send them as soon as possible. Mr. Reiss gave a short response, ("OK" or words to that effect) without indicating that Plaintiff was refusing to extend the deadline for the Request for Admissions, and other discovery beyond that day. (Hatcher Decl. ¶ 7)

During the status conference, Judge Ezra asked Plaintiff's counsel about the status of discovery in the case, but they did not disclose to the Court that there were outstanding Requests for Admissions (some of which go to the ultimate issues of liability in the case) that were due that same day. At the status conference, Judge Ezra advised HATCHER that he should retain counsel to represent him. (Hatcher Decl. ¶ 8).

After the status conference HATCHER spoke with both Marc Randazza and Seth Reiss about the case, and neither suggested that they would not extend the deadline for responses to the discovery until HATCHER could retain counsel as Judge Ezra had advised, nor did they caution him about the consequences of failing to respond to Requests for Admissions before the end of the day, January 30, 2012.  (Hatcher Decl. ¶ 9)

On March 2, 2012, J. Stephen Street entered an appearance of counsel on behalf of HATCHER (Doc. # 73).  On the same day HATCHER served his Responses to Plaintiff's Request for Admissions on Plaintiff's counsel, together with a request that Plaintiff stipulate to extend the time for the Responses pursuant to Rule 36(a)(3) and Rule 29 Fed. R. Civ. P.   In the previous week, when Mr. Reiss was first contacted by prospective counsel for HATCHER, HATCHER's counsel requested the stipulation to extend the time to respond the Request for Admissions.  An email chain exchanged between counsel is attached as Ex. "C" (Declaration of Counsel at ¶ 6).

### III.  ARGUMENT

In <u>Miller v. Hartford Life Insurance Company</u>, 2011 U. S. Dist. LEXIS 38347 at 11 (USDC HI 2011), Judge Seabright recently reviewed the standard for permitting withdrawal of an admission by a party:

Withdrawal of an admission is permitted under *Rule 36 of the Federal Rules of Civil Procedure*, which provides in part as follows:

> Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*Fed. R. Civ. P. 36(b)*.

*Hadley v. United States, 45 F.3d 1345 (9th Cir. 1995)*, analyzed the two requirements for withdrawal of an admission under *Rule 36(b)*: "(1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Id. at 1348*. The first part of the test is met when the admissions would "practically eliminate any presentation of the merits of the case." *Id.* The second part focuses on prejudice:

> The prejudice contemplated by *Rule 36(b)* is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.

*Id.* (quoting Brook Village N. Assocs. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

In HATCHER's case, withdrawal of the admissions is critical to a presentation of the case on the merits. If the admissions by default are treated as conclusively established, liability on the copyright infringement claim is directly implicated without other proof. The

9

statements in 8 of the 9 requests are contrary to the facts and would not have been intentionally admitted by HATCHER (Hatcher Decl. ¶ 11).

The Requests for Admissions, contained at pages 21-23 of Plaintiff's 25 page combined discovery request for answers to interrogatories, admissions and production of documents were as follows:

REQUEST FOR ADMISSION NO. 1

Admit that you downloaded the Motion Pictures without permission or authority.

REQUEST FOR ADMISSION NO. 2

Admit that you have used Bit Torrent to downloaded (sic) copyrighted works from the Internet.

REQUEST FOR ADMISSION NO. 3

Admit that in the morning Hawaii Standard Time of November 17, 2010, a BitTorrent Client resided on a computer in regard to which you owned or had possession and control of.

REQUEST FOR ADMISSION NO. 4

Admit that in the morning Hawaii Standard Time of November 17, 2010, someone other than you had access to Your Internet Connection.

REQUEST FOR ADMISSION NO. 5

Admit that you know the identity of the person who downloaded the Motion Pictures without permission using Your Internet Connection.

REQUEST FOR ADMISSION NO. 6

Admit you have no evidence that anyone misappropriated or spoofed the IP address 72.130.247.228 on November 17, 2010 at approximately 03:31:33 PM UTC.

REQUEST FOR ADMISSION NO. 7

Admit that you participated in the AE3 Hash (as defined in the definition section above).

REQUEST FOR ADMISSION NO. 8

Admit that you know the identity of at least one person who participated in the AE3 Hash.

REQUEST FOR ADMISSION NO. 9

Admit that you deleted or masked files from a computer owned by you or in your possession in response to learning of the subject lawsuit.

HATCHER specifically denies each of the statements contained in these requests except for Request No. 4. and seeks to withdraw the

11

admissions by default obtained by Plaintiff through HATCHER's lack of understanding of the rules and Plaintiff's refusal to extend the time for HATCHER to make a factually correct response. (Hatcher Decl. ¶

Because many of the Requests go directly to the merits of the claim, the first consideration favoring a presentation of the case on the merits is served by allowing HATCHER to withdraw the 8 admissions. In <u>Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. Tripodi</u>, 913 F. Supp. 290, 294 (S.D.N.Y. 1996 court found that "[t]he presentation of the merits clearly would be served here by permitting defendant to dispute a central issue in this case," where the defendant disputed the admission "[f]rom the very onset of [the] litigation." The *Tripodi* court also noted that without counsel (released very shortly after the plaintiff served the Requests for Admissions), the "[d]efendant may not have been aware of the Request for Admission, much less of the consequences of failing to respond to it." *Id.*

Although HATCHER was aware of the discovery requests, he was not aware of the consequences of failing to respond on time to the Requests for Admissions, and was lulled into a belief that he had more time to secure counsel before responding by his contact with Plaintiff's

counsel and their communications with Judge Ezra on January 30, 2012.

As to the second factor to be considered by the court, Plaintiff cannot credibly assert at this early stage of discovery that it will be prejudiced in its ability to prove its case <u>on the merits</u> by not being able to take advantage of a "gotcha" against a *pro se* defendant. If Plaintiff is unable to prove its case without false admissions, it is because the case is without merit to begin with, not because Plaintiff has been prejudiced in doing discovery by relying on the admissions for a month. Unless Plaintiff sustains its burden of persuading the court that it will be prejudiced in its ability to prove its case on the merits, HATCHER should be permitted to withdraw those admissions.

"Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." <u>Le v. Cheesecake Factory Rests. Inc.</u>, 2007 U.S. App. LEXIS 5232, at *9, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) *(per curiam) (unpublished opinion)*. Here HATCHER has been prompt and diligent in seeking withdrawal, first by attempt to obtain the stipulation of the parties, and

13

then through this motion, leaving plenty of time for additional discovery.

## IV. CONCLUSION

For the foregoing reasons, HATCHER respectfully requests that he be permitted to withdraw the admissions made by his failure to timely respond to Plaintiff's and recognize the responses he served on Plaintiff's counsel on March 2, 2012 as timely filed.

DATED: Honolulu, Hawaii,      March 12, 2012.

                               ***/s/ J. Stephen Street***
                               J. STEPHEN STREET
                               Attorney for Defendant
                               BRAD HATCHER