SETH M. REISS, AAL, ALLLC
Seth M. Reiss, Bar No. 2774
3770 Lurline Drive
Honolulu, HI 96816
Telephone: 808-521-7080
Facsimile:  808-675-5805
E-mail: seth.reiss@lex-ip.com

RANDAZZA LEGAL GROUP
Marc J. Randazza*
(Cal. Bar No. 269535)
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662 (fax )
E-mail: mjr@randazza.com
*(Admitted Pro Hac Vice)

Attorneys for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII MEMBERS OF SWARM OF NOVEMBER 15, 2010 TO JANUARY 27, 2011, SHARING HASH FILE AE340D0560129AFEE8D78CE07F23 94C7B5BC9C05; BRAD HATCHER, BRUCE GREEK AND DOES 15 AND 19,<br><br>Defendants. | Case No. 1:11-cv-00262 DAE-RLP<br>(Copyright)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT BRAD HATCHER'S MOTION TO WITHDRAW ADMISSIONS BY DEFAULT (DOC #75); DECLARATION OF COUNSEL; EXHIBITS "1" & "2"; CERTIFICATE OF SERVICE** |

**PLAINTIFF'S RESPONSE TO DEFENDANT BRAD HATCHER'S MOTION TO WITHDRAW ADMISSIONS BY DEFAULT (DOC # 75)**

Plaintiff LIBERTY MEDIA HOLDINGS, LLC (hereinafter "Liberty" or the "Plaintiff"), by and through its attorneys above named, submits this response to Defendant BRAD HATCHER'S Motion to Withdraw Admissions by Default filed March 13, 2012 (Doc # 75).

As explained further below, Plaintiff's position is that a decision on Defendant Hatcher's Motion to Withdraw Admission by Default should be deferred until discovery has been substantially completed or that, in the alternative, if the motion granted, it be granted without prejudice to Plaintiff's right to have the issue revisited should it turn out that Hatcher's tardiness in responding to Plaintiff's discovery requests has irreparably harmed Plaintiff's ability to prove its case against Hatcher in this matter.

I.   **RELEVANT PROCEDURAL HISTORY**

Plaintiff filed its Complaint for copyright infringement against various unidentified Doe Defendants on April 20, 2011. (Doc #1). Following a motion for early discovery pursuant to which Plaintiff was authorized to issue a subpoena duces tecum to various ISP's to identify subscribers of certain IP addresses but Plaintiff was not authorized to engage in different or further early discovery (Doc #22), Plaintiff filed, on October 4, 2011, a First Amended Complaint (Doc #39)

which identified certain of the Doe Defendants including Defendant Hatcher. Hatcher was served with the First Amended Complaint (Doc #51) on October 9, 2011.

Rather than answering the complaint, Hatcher filed a Motion to Dismiss (Doc #53), *pro se*, on November 2, 2011. Hatcher's motion was granted in part and denied in part with Plaintiff being granted leave to amend its negligence claim. (Doc # 66) Plaintiff amended its negligence claim in the context of a Second Amended Complaint (Doc # 72), filed February 27, 2012, and served upon Hatcher himself and through counsel. Hatcher's counsel entered his appearance on March 2, 2012 (Doc # 73), and Hatcher answered the Second Amended Complaint, through counsel, on March 14, 2012 (Doc #77).

Meanwhile as respects discovery, this Court held a Rule 16 Scheduling Conference on November 2, 2011, before the Honorable Richard L. Puglisi (Doc ##52 & 54). Defendant Hatcher appeared in person, without counsel, at the scheduling conference (Doc ##52 & 54). Judge Puglisi advised the parties at the discovery conference that discovery would commence at that time. Declaration of Counsel, attached.

On December 16, 2011, Plaintiff served Defendant Hatcher with its initial disclosures. (See Certificate of Service, Doc #68). On December 27, 2011, Plaintiff served Defendant Hatcher, by mail, with its First Requests for

Admissions, Answer to Interrogatories and Production of Documents. (See Certificate of Service, Doc #69).

At the status conference held January 30, 2012 before Judge Ezra (Doc #67), Counsel for Plaintiff reminded Hatcher regarding the outstanding discovery requests. Declaration of Counsel, attached. Although Counsel for Plaintiff does not recall the precise words of the exchange, Counsel does recall Hatcher volunteering the information that the responses would be provided shortly. Declaration of Counsel, attached. There was no request for or discussion of an extension. *Ibid.*

On February 19, 2012, having received no responses from Hatcher, and not aware that Hatcher was in the process of retaining counsel, Counsel for Plaintiff wrote Hatcher, pointing out that the discovery responses were overdue, that by rule the admissions were deemed admitted, and requesting Hatcher's participation in a meet and confer session as a prerequisite to a motion to compel discovery. Declaration of Counsel, attached. A copy of Counsel's February 19, 2012 letter to Hatcher is attached as Exhibit "1" to this response.

Hatcher served, through counsel, belated responses to Plaintiff's Requests for Admissions on March 2, 2012, more than one month after their due date. (See Certificate of Service, Doc #74). Hatcher served, through counsel, belated response to Plaintiff's Requests for Answers to Interrogatories and Production of

Documents on March 19, 2012, more than six weeks after their due date. (See Certificate of Service, Doc #78). In his answers, Hatcher denies downloading and distributing Plaintiff's motion picture or a BitTorrent client but admits that others may have had access to his Internet connection on November 17, 2010 when the downloading through Hatcher's Internet connection was alleged to have taken place. See excerpts from Hatcher's discovery responses, copies of which are attached to this response as Exhibit "2".

Hatcher filed the instant motion to withdrawn admissions by default on March 12, 2012 (Doc #75). This motion is to be decided without a hearing (Doc #77).

II.     **LEGAL STANDARD AND DISCUSSION**

Pursuant to Rule 36(a)(3), FRCP, "[a] matter is admitted unless, without 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "If the response is not timely the matter is deemed admitted." *Fed. Trade Comm'n vs. Medicare, LLC*, 217 F.Supp. 1048, 1053 (C.D. Cal. 2002). *Accord*, 7 *Moore's Federal Practice 3rd*, § 36.03 & note 4 (2011).

Admissions may be set aside, or as Hatcher is requesting withdrawn, if (1) it would promote the presentation of the merits; and (2) the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action

on the merits. 7 *Moore's Federal Practice, supra* § 36.13 at 36-43 *et seq.*, citing, e.g., *Mannet vs. Union Pacific RR*, 122 F.3d 514, 517 (8th Cir. 1997). The prejudice being referred to in the test is the difficulty a party may face in proving its case because of the sudden need to obtain evidence. *Ibid.; 7 Moore's, supra* § 36.03 at 36-138 & note 9.3.

Plaintiff has been attempting to discover the circumstances surrounding Hatcher's ISP connection on November 17, 2010, when that connection was allegedly used to illegally download and distribute Plaintiff's motion picture, since Plaintiff filed its initial motion for early discovery (Doc #4) concurrently with its complaint on April 20, 2011. Magistrate Puglisi opened discovery between Plaintiff and Defendant Hatcher at the November 2, 2011 Rule 16 Scheduling Conference (Doc ## 52 and 54). Plaintiff served Hatcher with combined discovery requests on December 27, 2011 (Doc #69). When Hatcher failed to respond to Plaintiff's discovery requests, even after Hatcher informed Plaintiff that the responses were forthcoming, Plaintiff sent Hatcher a letter on February 19, 2011, pointing out to Hatcher that his responses were overdue, the admissions admitted, and requesting a meet and confer. Exhibit "1" to this response.

When Plaintiff finally received Hatcher's responses, approximately six weeks late, Hatcher finally admitted that others may have had access to his secured Internet connection on the day and time in question but could not recall who those

6

others may have been. Accordingly, Plaintiff may already be prejudiced in its ability to prove its case in this matter.

Plaintiff acknowledges that the delay occasion by Hatcher responding to its discovery requests is a relatively small portion of the entire period between the time of the alleged illegal download, on November 17, 2010, and Hatcher's belated response, on March 2, 2011. Notwithstanding, it is impossible to say whether, had Hatcher responded to the discovery in a timely manner, his memory as to who may have had access to his Internet connection on November 17, 2010 would have been better. As it stands, Hatcher now, after unreasonable delay, claims no memory as to who may have been using his connection on the day and time in question. Exhibit "2" attached.

Discovery in this matter has only just begun. Once discovery is complete or is substantially complete, Plaintiff will be in a better position to know whether Hatcher's delay in responding to discovery prejudiced Plaintiff's ability to prove its case. For example, if it is discovered that a calendar was lost or destroyed between the time Hatcher was served with the discovery and when Hatcher responded to it, or if a witness left town during this period, such circumstances might justify not setting Hatcher's admissions aside or it may justify some other or similar discovery sanction.

### III. CONCLUSION

Under the circumstances, because discovery has only begun and it is not yet possible to know with any degree of certainty whether Hatcher's delay in responding to Plaintiff's requests for admissions has prejudiced Plaintiff in its ability to prove its case in this matter, Plaintiff is respectfully requesting that a decision on Defendant Hatcher's Motion to Withdraw Admission by Default be deferred until discovery has been substantially completed or that, in the alternative, if the motion granted, it is granted without prejudice to Plaintiff's right to have the issue revisited should it turn out that Hatcher's tardiness in responding to Plaintiff's discovery requests has irreparably harmed Plaintiff's ability to prove its case against Hatcher in this matter.

DATED: Honolulu, Hawaii, March 26, 2011.

> SETH M REISS, AAL, ALLLC
> RANDAZZA LEGAL GROUP
>
> */s/ Seth M. Reiss*
> SETH M. REISS
> MARC J. RANDAZZA
>
> ttorneys for Plaintiff
> LIBERTY MEDIA HOLDINGS, LLC