UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, ) | CIVIL NO. 11-00262 DAE-RLP |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO |
| ) | DENY AS MOOT PLAINTIFF'S MOTION |
| vs. ) | FOR DEFAULT JUDGMENT AGAINST |
| ) | DEFENDANT MICHAELA HATANAKA AND |
| HAWAII MEMBERS OF SWARM OF ) | TO DIRECT THE CLERK OF COURT TO |
| NOVEMBER 15, 2010 TO JANUARY ) | SET ASIDE ENTRY OF DEFAULT AS TO |
| 27, 2011, SHARING HASH FILE ) | MICHAELA HATANAKA |
| AE340D0560129AFEE8D78CE07F239 ) | |
| 4C7B5BC9C05, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO DENY AS MOOT PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAELA
HATANAKA AND TO DIRECT THE CLERK OF COURT TO SET ASIDE
<u>ENTRY OF DEFAULT AS TO MICHAELA HATANAKA</u>[1]

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Michaela Hatanaka filed on February 23, 2012 ("Motion"). Docket No. 70. Ms. Hatanaka has not appeared in this case and did not file an opposition to the Motion. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 71. Shortly after filing the present Motion, Plaintiff filed a Second Amended Complaint on February 27, 2012.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Docket No. 72.  After careful consideration of the Motion and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be DENIED AS MOOT and that the district judge direct the Clerk of Court to set aside the Entry of Default as to Michaela Hatanaka.

## BACKGROUND

Plaintiff filed its initial Complaint alleging violations for copyright infringement and civil conspiracy against Doe defendants 1 through 12 on April 20, 2011.  Docket No. 1.  On October 4, 2011, Plaintiff filed its First Amended Complaint naming some of the previously unidentified Doe defendants, including Ms. Hatanaka.  Docket No. 39.  Plaintiff filed a Request to Clerk for Entry of Default of Defendant Michaela Hatanaka on November 30, 2011, alleging that Ms. Hatanaka failed to file a timely answer to the First Amended Complaint.  Docket No. 60.  Entry of Default as to Ms. Hatanaka was entered on December 1, 2011.  Docket No. 61.  On February 23, 2012, Plaintiff filed the present Motion.  Docket No. 70.  On February 27, 2012, Plaintiff filed a Second Amended Complaint.  Docket No. 72.  The Second Amended Complaint does not name Ms. Hatanaka as a defendant.  See Docket No. 72.

## DISCUSSION

The filing of an amended complaint supersedes the original complaint, which is "treated thereafter as non-

2

existent." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); see also 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1476 (2d ed. 2008) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").  Here, when Plaintiff filed its Second Amended Complaint, the Second Amended Complaint superseded the First Amended Complaint and rendered the First Amended Complaint of no legal effect.  The present Motion is based on Ms. Hatanaka's failure to answer the First Amended Complaint.  Because Plaintiff has filed a Second Amended Complaint, the Motion is moot.  See, Anderson v. CitiMortgage, Inc., Civil No. 11-00583 DAE-RLP, 2011 WL 6301739, at *1 (D. Haw. Nov. 25, 2011) (denying plaintiff's motion for default judgment as moot because of a later-filed amended complaint and citing cases from several district courts holding same), *adopted by* 2011 WL 6301427 (D. Haw. Dec. 16, 2011); see also Banks v. ACS Educ., No. 10cv1886-BTM(CAB), 2011 WL 811601, at *2 (S.D. Cal. Mar. 2, 2011) (instructing clerk to deny plaintiff's request for entry of default based on failure to respond to original complaint after plaintiff filed an amended complaint); Lacy v. Hubbard, No. CIV S-08-0868 FCD DAD P., 2008 WL 2725063, at *5 (E.D. Cal. July 11, 2008) (denying plaintiff's motion for default judgment as moot because plaintiff had since filed an amended complaint and did not identify the defendant in the new complaint).  Accordingly, the Court finds and recommends

that the district court deny Plaintiffs' Motion as moot. Additionally, the Entry of Default as to Ms. Hatanaka was entered by the Clerk of Court based on Ms. Hatanaka's failure to respond to the First Amended Complaint. See Docket No. 61. Because the First Amended Complaint is a nullity, the Court recommends that the Clerk of Court be directed to set aside the Entry of Default as to Ms. Hatanaka. The Court also directs Plaintiff to send a copy of this Findings and Recommendation to Ms. Hatanaka's last known address.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the Motion be DENIED AS MOOT and that the Clerk of Court be directed to set aside the Entry of Default as to Ms. Hatanaka.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 27, 2012



_____
Richard L. Puglisi
United States Magistrate Judge

**Liberty Media Holdings, LLC vs. Hawaii Members Of Swarm Of November 15, 2010, et al.; Case No. 11-00262 DAE-RLP; FINDINGS AND RECOMMENDATION TO DENY AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAELA HATANAKA AND TO DIRECT THE CLERK OF COURT TO SET ASIDE ENTRY OF DEFAULT AS TO MICHAELA HATANAKA**