Case 1:11-cv-00262-DAE-RLP   Document 81   Filed 04/09/12   Page 1 of 4   PageID #: 567

J. STEPHEN STREET   1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:   (808) 754-1647
Facsimile No.:   (888) 334-6499
E-mail:   jsstreet@ip-law-hawaii.com


Attorney for Defendant
BRAD HATCHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HAWAII MEMBERS OF SWARM OF NOVEMBER 15, 2010 TO JANUARY 27, 2011, SHARING HASH FILE AE340D0560129AFEE8D78CE07F2394C7B5BC9C05; BRAD HATCHER, BRUCE GREEK,  AND DOES 15 AND 19<br><br>　　　　Defendants. | Case No. 1:11-cv-00262 DAE-RLP<br>(Copyright)<br><br>DEFENDANT BRAD HATCHER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS BY DEFAULT; CERTIFICATE OF SERVICE |

**DEFENDANT BRAD HATCHER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS BY DEFAULT**

Plaintiff falls far short of demonstrating (1) that the policy favoring resolution of this case on the merits would not be best served by permitting withdrawal of the admissions and (2) that there is any prejudice to Plaintiff's proof <u>on the merits</u> that would result from the withdrawal of the admissions. Plaintiff's Opposition to the motion is an admission that Plaintiff's proof is so inadequate that Plaintiff can only hope to "win" its claims by embarrassing, intimidating, or defaulting unrepresented defendants into paying exorbitant amounts in settlement rather than Plaintiff actually having to prove its case on the merits against them.

Plaintiff's opposition is a feeble attempt to justify its forcing this motion to be filed to begin with.  Plaintiff makes no attempt to address the case law favoring resolution of claims on the merits, and cites no cases that would support of its opposition to the motion on these facts.  Plaintiff's opposition is not warranted by existing law and Plaintiff does not make any argument for extending, modifying or reversing existing law.  It is hard to understand how Plaintiff's opposition should not be regarded as being presented only for the purpose of needlessly increasing the cost of litigation to Defendant Hatcher.

Plaintiff points out that it was authorized to begin discovery against Defendant Hatcher from the November 2, 2011 (Doc. #79 at 3).

Nevertheless, Plaintiff waited almost two full months, until the week between Christmas and New Year's Day 2012 to mail its discovery requests to Hatcher.

The date of the alleged participation in the AE3 Hash by someone allegedly using Hatcher's IP address, was more than a year earlier—in November 2010.  It is completely ludicrous for Plaintiff to suggest for its "prejudice" to its ability to prove its case on the merits, that Hatcher's memory as to who may have been visiting at his house on that particular date in November 2010 would have been better on January 30, 2012 than it was a month later.  If that argument were at all plausible, Plaintiff should take more responsibility for the damage to its own case caused by the two months Plaintiff waited to send discovery requests to begin with.

Plaintiff repeatedly makes reference to Defendant Hatcher being six weeks late in answering Interrogatories (*See* Doc. #79 at 5, 6).  Plaintiff's counsel fails to acknowledge, however, that he agreed to extend the time for answers to interrogatories and responses to requests for production, (*See* Doc. #75-6 at p. 2) or to acknowledge that Plaintiff could have had answers to interrogatories more quickly if Defendant Hatcher's counsel wasn't forced first to spend the time filing a motion to withdraw the admissions.

Plaintiff's counsel offer no explanation for their failure to be candid with Judge Ezra at the status conference on January 30, 2012 about outstanding requests for admissions that they hoped to use to prove their entire case by default if the admissions were not responded to by *pro se* Defendant Hatcher that same day.

Pursuant to Rules 36(b) and 26(e) of the Federal Rules of Civil Procedure, Defendant Hatcher respectfully requests that he be permitted to withdraw the factually incorrect admissions made by default.

DATED:  Honolulu, Hawaii,    April 9, 2012.

*/s/  J. Stephen Street*_____
J. STEPHEN STREET
Attorney for Defendant
BRAD HATCHER